IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Varitalk, Inc., | Case No. 09-16148 |
| (TIN: 26-0660267) | |
| | Hon. A. Benjamin Goldgar |
| Debtor. | |

VARITALK'S OBJECTION TO THE
MOTION TO QUASH DEBTOR'S NOTICE OF DEPOSITION
OF MARK BAKER, CHRISTOPHER MYERS AND ECLIPS, LLC

Varitalk, Inc., as debtor and debtor in possession in the captioned chapter 11 proceeding, respectfully submits the following as its "Objection" to the "Motion to Quash Debtor's Notice of Deposition of Mark Baker, Christopher Myers, and Eclips, LLC" (Dkt No. 75; the "Motion to Quash"). In support of this Objection, Varitalk states as follows.

**BACKGROUND**

1.  On June 26, 2009, Mr. Baker filed a motion to lift the automatic stay so that he could pursue his claims against Varitalk in the United States District Court for the Central District of California (the "California Action"). In connection with the motion for stay relief, Christopher Myers submitted an export report on behalf of Mr. Baker in which he renders certain conclusions that are facially flawed and that are under "junk science" under *Daubert.* Briefing on that motion is almost complete.

2.  On July 23, 2009, the Court entered an Order setting a schedule for estimating claims 23-1 and 25-1. Briefing is still in progress with respect to the estimation proceeding.

Case 09-16148    Doc 79    Filed 07/30/09    Entered 07/30/09 16:44:44    Desc Main
                            Document      Page 2 of 11

3. On July 21, 2009. Varitalk served deposition notices (the "Notices") upon Mark Baker and Eclips, LLC (collectively, "Mr. Baker") and Christopher Myers.  Mark Baker and Eclips filed claim number 23-1, and each is a plaintiff in the litigation pending against Varitalk and its officers or directors in the).

4. The Notices were served pursuant to Federal Rules of Bankruptcy Procedure 9014, 7026 and 7030.  Each requested relevant information related to two pending matters before the Court: (a) the Motion of Mr. Baker for relief from the stay and (b) the Motion of Varitalk to Estimate The Baker Claims at zero (collectively, the "Motions").

5. Even though he had not conferred with Varitalk's counsel in advance, Mr. Baker filed an initial motion to quash the Notices on the grounds that (a) Mr. Baker and Eclips were previously deposed in connection with the California Action, (b) discovery is closed in the California Action, (c) depositions are not permissible in an estimation proceeding, and (d) the depositions were scheduled on a date when Mr. Baker's local counsel (Mr. Newby) was unavailable due to out of town commitments.

6. Shortly after receiving the original motion to quash, Varitalk's counsel (Mr. Factor) contacted Mr. Newby to discuss the allegation that Varitalk was trying to gain an unfair strategic advantage by scheduling depositions when Mr. Newby was unavailable.  During that discussion, Mr. Newby learned that Mr. Factor did not receive the letter Mr. Newby sent in advance of the initial motion to quash, which advised that Mr. Newby intended to move to quash the Notices on the above grounds.[1]  Mr. Factor also told Mr. Newby that Varitalk was willing to

---

[1] Mr. Factor did know that Mr. Newby was going to be out of town on July 28, 2009, but assumed that Mr. Baker's primary lawyer, Mr. Smith, would appear at the deposition and, if not, that Mr. Newby would advise accordingly.

suspend the depositions until the Court could rule on the Motion to Quash, which would also alleviate any scheduling issues resulting from Mr. Newby's unavailability.

7. In light of the foregoing, Mr. Baker is now seeking to quash each of the Notices on the grounds that (a) discovery is not permitted in connection with an estimation proceeding under 11 U.S.C. § 502(c), (b) he and Eclips previously sat for depositions in the California Suit, and (c) Varitalk is trying to gain an unfair strategic advantage in the California Suit by using this forum to obtain deposition testimony that will be used in the California Suit.

## THE MYERS DEPOSITION SHOULD GO FORWARD

8. Although Varitalk believes that it has every right to depose Mr. Baker and Eclips in order to present a complete record to the Court, Varitalk is willing, at this time, to withdraw the Notices with respect to Mr. Baker and Eclips, without prejudice to its right to depose Mr. Baker or Eclips in the future, particularly if either Mr. Baker or Eclips seeks to testify in the estimation proceeding or in connection with the motion to lift the stay, or in any other matter pending in the Bankruptcy Court.

9. Nonetheless, Varitalk plainly has the right current right to depose Myers in connection with the Motions and, in particular, has every right to inquire into Myers' opinions regarding inventorship of Varitalk's principal assets and the materials set forth in Myers' report.

10. Denying that basic right to Varitalk *and to Varitalk's bankruptcy estate* is inequitable and unfair and it also is inconsistent with the protections the Bankruptcy Code affords debtors and their creditors, as well as the discovery rules that apply in bankruptcy proceedings.

11. Importantly, Varitalk was not able to depose Myers in the California Suit due to Varitalk's limited financial resources. *See* Lowe Declaration at ¶10, a copy of which is attached as Exhibit A.

12. Thus, Mr. Baker cannot complain that a deposition of Myers at this time would be duplicative, cumulative or burdensome. He also does not argue he would be prejudiced in the present bankruptcy case if Varitalk deposes Myers, although he does claim that he would be prejudiced in the California Action. Mr. Baker appears to be arguing that he would suffer prejudice in the California Action because he would not be able to capitalize fully on Varitalk's limited financial resources by going to trial without Varitalk having deposed a key expert witness. That is not the type of prejudice that the law recognizes.

13. In any event, Varitalk is not seeking at this time to use the deposition of Myers in the California Action, so there is no basis for denying the deposition in the bankruptcy proceeding. As discussed below, if, and when, Varitalk seeks to use Myers' deposition in the California Action, Mr. Baker can ask the Judge in the California Action for relief.

14. More importantly, Myers' deposition is critical in the bankruptcy proceeding. As discussed in prior pleadings, Varitalk's ability to reorganize hinges, in large part, upon a finding by this Court that Mr. Baker's claims are meritless. Furthermore, his claims against Varitalk are premised largely upon Myers' false conclusion that Varitalk's patents are obvious extensions of the '127 Application and, as a result, Mr. Baker is the inventor of these Patents.

15. As such, Myers' deposition testimony is very relevant to the estimation of the Baker Claims, to Varitalk's ability to reorganize and to protecting the rights of other creditors. Denying other creditors a recovery (which is what is likely to happen if Myers is to be believed)

because Varitalk was financially incapable of deposing Myers prior to the Petition Date would be fundamentally unfair and antithetical to the purposes and policies of the Bankruptcy Code.

16. Furthermore, Mr. Baker's contention that Myers cannot be deposed in the bankruptcy proceeding because Varitalk could not afford to depose him in the California Action, actually is an additional reason the dispute with Mr. Baker should remain in this Court and why the automatic stay should remain in place. It is not a basis to quash the deposition of Myers.

17. In fact, Mr. Baker has not cited any authority to support his contention that, as a matter of law, a debtor that lacked the financial resources to depose a key witness in a non-bankruptcy suit is similarly handicapped from deposing that witness once a bankruptcy case is filed. Such a rule makes no sense in light of the protections afforded debtors under the Bankruptcy Code.

18. Nor is there anything in Rules 9014 or 7026 through 7037 that would remotely preclude a debtor from deposing a person in a bankruptcy case when, as here, a debtor's limited finances precluded it from deposing that person in pre-bankruptcy litigation.

19. Nor is there any merit to Mr. Baker's contention that no discovery is permitted in connection with an estimation proceeding. It is not surprising that he has failed to cite any authority to support this view. Under Bankruptcy Rule 9014, an estimation proceeding is a "contested matter" and thus Rules 7026 and 7028 through 7037 apply, on their face. *In re Interco Inc.*, 1992 Bankr. LEXIS 1872 (Bankr. D. Mo. 1992) ("A request for estimation of a claim or right to payment is a contested matter which is subject to the provisions of Bankruptcy Rule 9014."). Based upon these provisions, it is well-settled that Bankruptcy Courts can, and do, permit discovery in connection with an estimation proceeding. *See e.g., Midway Motor Lodge v. Innkeepers' Telemanagement & Equip. Corp.*, 54 F.3d 406, 407 (7th Cir. 1995) (noting that in

context of 502(c) proceeding, "[d]iscovery was abbreviated [and] the bankruptcy judge allowed one day for trial"); *In re G-I Holdings, Inc.*, 2006 Bankr. LEXIS 1959 (Bankr. D.N.J. Aug. 11, 2006) (in an extensive opinion, concluding that debtors were entitled to discovery in connection with estimation proceeding).

20. Finally, there is no merit to Mr. Baker's contention that deposing Myers now "is a transparent attempt to gain an unfair advantage in the California Action." (Motion to Quash at ¶ 16) If Varitalk ever does try to introduce Myers' deposition in the California Action, Mr. Baker certainly can argue to the California Court that Varitalk should be unable to do so because the deposition was taken after discovery closed. In short, that is an issue properly addressed to the California Court if the issue arises, and not to this Court.

                          Respectfully Submitted,

                          Varitalk, Inc.

                          By: /s/ William J. Factor
                          One of Its Attorneys

William J. Factor, Esq.
THE LAW OFFICE OF WILLIAM J. FACTOR, LTD.
1363 Shermer Road, Suite 224
Northbrook, IL 60062
Telephone: (847) 239-7248
Facsimile: (847) 574-8233
Email: wfactor@wfactorlaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this, the 30th day of July, 2009, he personally caused a copy of the attached document to be served upon the following parties in the manner so designated.

                                                          s/ William J. Factor

| | |
|---|---|
| Bank of Hinsdale<br>c/o David J. Letvin<br>Letvin & Stein<br>541 N. Fairbanks Court<br>Suite 2121<br>Chicago, IL 60611<br>fax (312) 527-2818<br>email davidletvin@aol.com<br>(Fax, email and ECF) | Mark Baker, Eclipse, LLC and Eclips Group<br>c/o David Newby<br>Johnson & Newby<br>39 South LaSalle<br>Suite 820<br>Chicago, IL 60603<br>Fax: 312-345-1308<br>dnewby@jnlegal.net<br>(fax, email and ECF) |
| Cameron Gulden<br>United States Trustee's Office<br>219 South Dearborn Street<br>Chicago, IL 60604<br>Fax: 312-866-5794<br>(Fax, email and ECF) | Scott N. Schreiber<br>Stahl Cowen Crowley LLC<br>55 W. Monroe<br>Suite 1200<br>Chicago, IL 60603<br>312-423-8189<br>Sschreiber@stahlcowen.com<br>(fax, email and ECF) |
| John A. Lipinski<br>Clark & Trevithick<br>800 Wilshire Blvd.<br>12th Floor<br>Los Angeles, CA 90017<br>(213) 624-9441<br>(fax) | Joel Schechter<br>53 West Jackson Blvd<br>Chicago, IL 60603<br>Fax: (312) 939-4714<br>Joelschechter@covad.net<br>(fax, email and ECF) |

# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Varitalk, Inc., (TIN: 26-0660267) | Case No. 09-16148 |
| Debtor. | Hon. A. Benjamin Goldgar<br>Status Hearing: Aug. 5, 2009<br>@ 10:00 a.m. |

### DECLARATION OF FRED LOWE

Pursuant to 28 U.S.C. § 1746, the undersigned hereby declares that the following statements are true to the best of his knowledge.

1. My name is Frederick Lowe. I am one of the founders of Varitalk, Inc. and currently serve as its Chairman and Chief Executive Officer. I have worked for Varitalk since 2002.

2. Varitalk is a very small business. It currently employs 6 full-time and two part-time individuals from its office at 53 West Jackson Blvd.

3. There is a strong chance that Varitalk will be unable to survive a trial in California. When Varitalk filed for Chapter 11 relief on May 4, 2009, it had approximately $4000 in its bank account and its receivables pipeline had been severely depleted. Varitalk had limited cash reserves and receivables because its senior executives had spent a lot of time in the prior 90 days preparing for trial in Los Angeles and because of the costs associated with the trial. Varitalk's management and employees were unable to tend to routine tasks such as selling or servicing clients because of the distraction of the litigation.

4. Varitalk has lost several employees due to the California Suit, including some who have left subsequent to the Petition Date. Varitalk's remaining employees are thus all the

more critical to Varitalk's operations and there simply are not enough of them to tend to the demands of a trial in California and, at the same time, operate a business in a Chapter 11 proceeding.

5. I am the only remaining employee that can administer Varitalk's technology, including its physical infrastructure, its content management system (the ToolSuite) and its core technology (the WavServe).

6. If Varitalk is unable to conduct uninterrupted business operations while a trial proceeds in California, it will not be able to cover its operating expenses during that time and will not be able to deliver services or otherwise meet contractual obligations to existing clients, including some which have a high profile in the entertainment industry.

7. It is my belief that at least some of Varitalk's clients may terminate their agreements with Varitalk, not renew contracts with Varitalk, and potentially file breach of contract claims against Varitalk, to the extent Varitalk is enmeshed in litigation in California and unable to tend to client demands.

8. If the litigation proceeds in California, Varitalk's ability to generate revenue will be significantly impaired, as will Varitalk's going concern value, its goodwill and market presence. Since 2002, Varitalk has developed a reputation in its field and if Varitalk is shut down while the California litigation goes forward, there is a strong chance that the value associated with Varitalk's good name will be dissipated.

9. As a result of its limited finances, Varitalk does not have access to adequate representation in the California Suit and it does not have the resources to hire new counsel.

10. Because of its limited finances, Varitalk was unable in the California Suit to hire outside experts or to depose Mr. Baker's own experts. The Varitalk "in house" engineers who

propounded reports in the California Suit also are no longer employed by Varitalk and, very likely, no longer available to assist because of other commitments.

Chicago, Illinois

July 27, 2009